# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDY A. JOSEPH,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0154**  (BOR Appeal No. 2047492)
(Claim No. 2011023193)

**MONONGALIA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judy A. Joseph, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Monongalia County Board of Education, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2013, in which the Board affirmed a July 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 1, 2011, decision closing Ms. Joseph's claim for temporary total disability benefits. The Office of Judges also affirmed the claims administrator's June 24, 2011, decision denying Ms. Joseph's request for authorization of physical therapy from May 11, 2011, through June 17, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Joseph injured her lumbar spine on January 5, 2011, while maneuvering a cart filled with food items. The claim was held compensable for lumbar strain on January 17, 2011. Following the compensable injury, Ms. Joseph began treating with John David Lynch Jr., M.D., who noted that Ms. Joseph was experiencing constant low back pain with numbness radiating into the lower extremities. At Dr. Lynch's recommendation, Ms. Joseph began physical therapy

1

with Kimbraly Kettler, M.P.T. After two months of physical therapy, Ms. Kettler noted that Ms. Joseph appeared to have reached a treatment plateau. Dr. Lynch indicated that he wished for Ms. Joseph to continue physical therapy, and after an additional two months of therapy Ms. Kettler again opined that Ms. Joseph had reached a treatment plateau. On March 29, 2011, Marsha Lee Bailey, M.D., evaluated Ms. Joseph. After reviewing Ms. Joseph's medical records, Dr. Bailey concluded that Ms. Joseph suffers from chronic low back pain that predated the compensable injury by ten years. She further concluded that the majority of Ms. Joseph's symptoms are the result of her pre-existing condition, and opined that Ms. Joseph is at maximum medical improvement in regard to the compensable injury. Additionally, Dr. Bailey noted that Ms. Joseph reported that she is unable to return to work because light duty employment is unavailable to her. On April 1, 2011, the claims administrator closed Ms. Joseph's claim for temporary total disability benefits. On June 24, 2011, the claims administrator denied Ms. Joseph's request for authorization of physical therapy from May 11, 2011, through June 17, 2011.

In its Order affirming the April 1, 2011, and June 24, 2011, claims administrator's decisions, the Office of Judges held that the claim was properly closed for temporary total disability benefits and further held that authorization for additional physical therapy was properly denied because additional physical therapy does not constitute reasonable and necessary medical treatment in the instant claim. Ms. Joseph disputes these findings and asserts that the evidence of record demonstrates that she is entitled to authorization for additional physical therapy from May 11, 2011, through June 17, 2011, and is also entitled to a reopening of her claim for temporary total disability benefits.

The Office of Judges relied on West Virginia Code § 23-4-7a (2005), which states that temporary total disability benefits are not paid after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges noted that Dr. Bailey found that Ms. Joseph had reached maximum medical improvement on March 29, 2011, which is well before the requested temporary total disability onset date of May 11, 2011. The Office of Judges therefore found that because Ms. Joseph has reached maximum medical improvement, she is no longer entitled to temporary total disability benefits pursuant to West Virginia Code § 23-4-7a. The Office of Judges went on to find that the evidence of record indicates that Ms. Joseph reached a treatment plateau and was receiving no additional benefit from continued physical therapy. The evidence of record documents that Ms. Joseph initially reached a treatment plateau approximately one month before the first requested physical therapy treatment date. The Office of Judges then concluded that physical therapy is not medically necessary at the present time. The Board of Review reached the same reasoned conclusions in its January 23, 2013, decision. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:  June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II